# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Artis-Ray Cash, Jr., <br><br> v. <br> PLAINTIFF(S) <br><br> Convergent Outsourcing, Inc., <br><br> DEFENDANT(S) | **CASE NUMBER** <br><br> 2:25-cv-00663-AB-PD <br><br> **ORDER ON REQUEST TO PROCEED** <br> ***IN FORMA PAUPERIS*** <br> **(NON-PRISONER CASE)** |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☒ is not able to pay the filing fees.   ☐ is able to pay the filing fees.

☐ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees. This is what is missing:

**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☒ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☐ As explained in the attached statement, the Request is DENIED because:

  ☐ The District Court lacks ☐ subject matter jurisdiction ☐ removal jurisdiction.
  ☐ The action is frivolous or malicious.
  ☐ The action fails to state a claim upon which relief may be granted.
  ☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☒ Within 30 days of the date of this Order, the filer must do the following:

Plaintiff must file an Amended Complaint. See the attached statement.

If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☐ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☐ WITHOUT PREJUDICE ☐ WITH PREJUDICE.

☐ This case is REMANDED to state court as explained in the attached statement.

February 25, 2025                                                    /s/ (signature)
_____                                    _____
Date                                                                United States District Judge

CV-73 (07/22)                    ORDER ON REQUEST TO PROCEED *IN FORMA PAUPERIS* (NON-PRISONER CASE)

On January 24, 2025, Plaintiff filed a Complaint and a Request to Proceed In Forma Pauperis. (Dkt. Nos. 1-2.) Plaintiff alleges jurisdiction based on diversity of citizenship. (Dkt. No. 1 at 2.) Plaintiff, a citizen of California, alleges that Defendant, a debt collection servicer in Washington state, suffered a data breach in June 2022 but did not alert affected individuals until October 2022, more than four months after the breach. (Id.) As a result of the delay, Plaintiff alleges that his personally identifiable information remains at risk of misuse, he suffered emotional distress, spent time monitoring his financial accounts, and suffered a loss of privacy. (Id.) Plaintiff claims Defendant is liable for negligence, a violation of the California Consumer Privacy Act, and breach of implied contract. (Id. at 3.) He seeks damages and other relief. (Id. at 4.) As stated below, if Plaintiff wishes to proceed with this action, he must file an Amended Complaint.

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -- citizens of different States[.]" 28 U.S.C. § 1332(a)(1). Plaintiff has not alleged that the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. Id. He only asserts that it does, without elaboration. (Dkt. No. 1 at 2.) A party asserting diversity jurisdiction under § 1332 must prove that the amount in controversy exceeds $75,000 where it is not "facially evident" from complaint, and "[c]onclusory allegations as to the amount in controversy are insufficient." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090-91 (9th Cir. 2003). From the Complaint, "there is no allegation that any unauthorized use of Plaintiff's personal information has occurred, that Plaintiff incurred any cost for heightened financial monitoring, or that Plaintiff suffered any actual injury or damages as a result of the data breach[.]" Patao v. Equifax, Inc., 2020 WL 5033561, at *5 (D. Haw. Aug. 25, 2020) (collecting cases). Although Plaintiff does allege he has been personally damaged, "the Complaint provides no estimates of these damages. There is no allegation, for instance, concerning Plaintiff's out-of-pocket costs incurred in remedying or mitigating the effects of the Data Breach." Woodward v. LA Financial Credit Union, 2024 WL 5317043, at *2 (C.D. Cal. Oct. 18, 2024). Because Plaintiff has not adequately alleged an amount in controversy to support diversity jurisdiction, the Complaint is dismissed.

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. If Plaintiff wishes to proceed with this action, he is ordered to file an Amended Complaint within 30 days of the date of this order. The Amended Complaint must be complete in itself and must not refer to the original Complaint. The Amended Complaint must raise plausible allegations of an amount in controversy that exceeds $75,000. The failure to file an Amended Complaint, or the filing of an Amended Complaint without the required allegations, may result in the dismissal of this action.

*(attach additional pages if necessary)*