JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Artis-Ray Cash, Jr., <br><br> PLAINTIFF(S) <br><br> v. <br><br> Convergent Outsourcing, Inc., <br><br> DEFENDANT(S) | CASE NUMBER <br><br> 2:25-cv-00663-AB-PD <br><br><br> **ORDER ON REQUEST TO PROCEED** <br> ***IN FORMA PAUPERIS*** <br> **(NON-PRISONER CASE)** |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☒ is not able to pay the filing fees.   ☐ is able to pay the filing fees.

☐ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees. This is what is missing:


**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☒ As explained in the attached statement, the Request is DENIED because:

  ☒ The District Court lacks ☒ subject matter jurisdiction ☐ removal jurisdiction.
  ☐ The action is frivolous or malicious.
  ☐ The action fails to state a claim upon which relief may be granted.
  ☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, the filer must do the following:




If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☒ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☒ WITHOUT PREJUDICE ☐ WITH PREJUDICE.

☐ This case is REMANDED to state court as explained in the attached statement.

May 6, 2025                                                            _[signature]_
_____                                         _____
Date                                                                       United States District Judge

CV-73 (07/22)         **ORDER ON REQUEST TO PROCEED *IN FORMA PAUPERIS* (NON-PRISONER CASE)**

On January 24, 2025, Plaintiff filed a Complaint and a Request to Proceed In Forma Pauperis ("IFP request"). (Dkt. Nos. 1-2.) Plaintiff alleged jurisdiction based on diversity of citizenship. (Dkt. No. 1 at 2.) Plaintiff, a citizen of California, alleged that Defendant, a debt collection servicer in Washington state, suffered a data breach in June 2022 but did not notify affected individuals until October 2022, more than four months after the breach. (Id.) As a result of the delayed notification, Plaintiff's personally identifiable information allegedly was at risk of misuse, he suffered emotional distress, he spent time monitoring his financial accounts, and he suffered a loss of privacy. (Id.) Plaintiff claimed Defendant is liable for negligence, a violation of the California Consumer Privacy Act, and breach of implied contract. (Id. at 3.) He sought damages and other relief. (Id. at 4.)

On February 25, 2025, the Court postponed a ruling on the IFP request and ordered Plaintiff to file an Amended Complaint with allegations of an amount in controversy in excess of $75,000. (Dkt. No. 8.) The Court warned Plaintiff that the filing of an Amended Complaint with inadequate allegations of an amount in controversy could result in dismissal of this action. (Id.)

On March 11, 2025, Plaintiff filed an Amended Complaint. (Dkt. No. 9.) Plaintiff alleges that he "has spent extensive time monitoring financial accounts, taking protective measures, and dealing with the psychological effects of stress, anxiety, and privacy violations, which have required the purchase of various medical and herbal treatments to combat panic attacks and emotional distress." (Id. at 2.) He also alleges an increased risk of identity theft and fraud. (Id. at 3.)

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -- citizens of different States[.]" 28 U.S.C. § 1332(a)(1). Plaintiff's amended allegations fail to plausibly state an amount in controversy that exceeds $75,000. His allegations of unspecified time and money used to monitor his accounts and buy medical and herbal treatments are vague and conclusory, making them insufficient to meet his burden. The Amended Complaint "provides no estimates of these damages. There is no allegation, for instance, concerning Plaintiff's out-of-pocket costs incurred in remedying or mitigating the effects of the Data Breach." Woodward v. LA Financial Credit Union, 2024 WL 5317043, at *2 (C.D. Cal. Oct. 18, 2024). The Court is persuaded by the decisions of other district courts that allegations of a data breach involving a person's financial information, without specific and plausible allegations of a jurisdictional amount, are insufficient to establish the required amount in controversy. See Patao v. Equifax, 2020 WL 5033561, at *5 (D. Haw. Aug. 25, 2020); Turman v. Equifax, 2020 WL 1493859, at *3 (N.D. Ohio Mar. 27, 2020) (collecting cases); Williams v. Equifax, 2019 WL 3556920, at *3 (S.D. Ohio Aug. 5, 2019); Mosley v. Equifax, 2019 WL 2539349, at *2 (E.D. Mich. June 20, 2019); Mason v. Equifax, 2018 WL 1023599, at *2 (N.D. Ga. Jan. 19, 2018). Because it is sufficiently certain that the jurisdictional amount is absent, the Amended Complaint is dismissed for lack of diversity jurisdiction. See St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289 (1938) ("[I]f, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed . . . , the suit will be dismissed.").

Finally, because the Court is now satisfied to a like certainty that diversity jurisdiction is absent, a further opportunity to amend is not warranted. Amendment is not to be used "where diversity jurisdiction does not, in fact, exist." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 831 (1989). Thus, the Amended Complaint is dismissed without further leave to amend, and this action is dismissed without prejudice for lack of jurisdiction.